

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00206-CR
_____

CARLOS DEMON HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2017-0424

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

On August 15, 2017, Carlos Demon Harris pled guilty to and was placed on deferred adjudication community supervision for one year for driving while his license was invalid with a previous conviction for the same offense. *See* TEX. TRANSP. CODE ANN. § 521.457 (West 2018). On September 12, 2018, the State filed a motion to proceed with an adjudication of Harris' guilt. On November 15, 2018, after a hearing, the trial court found all the State's allegations contained in the motion to adjudicate true, revoked Harris' community supervision, and sentenced him to 100 days in the Harrison County Jail.

In his sole point of error on appeal, Harris argues that the trial court lacked jurisdiction to revoke his community supervision because it had already expired before the State filed its motion to adjudicate his guilt. Because the record reveals that Harris' period of deferred adjudication community supervision was extended, we overrule his sole point of error.

A trial court retains jurisdiction to hold a revocation hearing

and to proceed with an adjudication of guilt, regardless of whether the period of deferred adjudication community supervision imposed on the defendant has expired, if before the expiration of the supervision period:

(1)     the attorney representing the state filed a motion to proceed with the adjudication; and

(2)     a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42A.108 (West 2018).

Because Harris was placed on deferred adjudication community supervision for one year on August 15, 2017, he argues that his community supervision expired on August 15, 2018, and the trial court lacked jurisdiction over the State's September 12, 2018, motion. However, on

2

August 13, 2018, the trial court extended Harris' community supervision for six months after he failed to (1) pay fines and fees as ordered and (2) obtain a valid driver's license or occupational license, as required by the terms and conditions of his deferred adjudication community supervision. Therefore, Harris' period of deferred adjudication community supervision did not expire until February 15, 2019.

We overrule Harris' sole point of error on appeal and affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     April 3, 2019
Date Decided:       April 5, 2019

Do Not Publish